UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LETICIA M. G.,[1]<br>(A-Number: 249-158-328)<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>WARDEN OF THE CALIFORNIA CITY<br>DETENTION FACILITY, et al.,<br><br>　　　　　　Respondents. | No.  1:26-cv-02567-JLT-EGC (HC)<br><br>**ORDER DENYING MOTION FOR COUNSEL**<br>**(Doc. 2)**<br><br>**FINDINGS AND RECOMMENDATION TO GRANT PETITION**<br><br>**[10-DAY DEADLINE]** |

Petitioner Leticia M. G. is an immigration detainee proceeding with a petition for writ of habeas corpus. (Doc. 1.) The Court has previously addressed the legal issues raised on pages 5 and 6 of the petition. *See, e.g., J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); *Ortiz Donis v. Chestnut*, No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025).

On April 8, 2026, the Court ordered Respondents to show cause as to whether there are

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits petitioner's full name, using only his first name and last initial, to protect sensitive personal information. See Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

1

any factual or legal issues in this case that distinguish it from the Court's prior orders in the cases cited above that would justify denying the petition. (Doc. 5.) On April 10, 2026, Respondents filed a response in which they state they "do not have legal arguments to distinguish this case from prior orders issued by the Court, nor do Respondents find material factual differences between this case and those identified by the Court." (Doc. 6 at 2.) Nevertheless, Respondents disagree with the Court's statutory interpretation in those cases.

As Respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions noted above, the Court will recommend the petition for writ of habeas corpus be GRANTED for the reasons stated in those prior orders.

In the alternative, Respondents request the case be held in abeyance pending the resolution of the pending Ninth Circuit appeals in *Rodriguez v. Bostock*, 779 F.Supp.3d 1239 (W.D. Wash. 2025), *Carballo v. Andrews*, No. 1:25-CV-00978-KES-EPG (HC), 2025 WL 2381464 (E.D. Cal. Aug. 15, 2025), and *Benavides Carballo v. Andrews*, Ninth Circuit Docket No. 25-6533 (E.D. Cal. 1:25-cv-00978-KES-EPG). The Court doubts the Ninth Circuit decisions will impact the Court's conclusion that Petitioner has a protected liberty interest that arises from her prior release from immigration custody. Respondents' position has been repeatedly rejected by this Court as noted above, as well as the vast majority of other courts that have considered the legal arguments at issue. Accordingly, the undersigned recommends denying Respondents' request to hold the matter in abeyance.

**ORDER**

On April 6, 2026, Petitioner requested the appointment of counsel. (Doc. 2.) Title 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require." *See* Rule 8(c), Rules Governing Section 2254 Cases.   Insofar as the Court is recommending the petition be granted on the papers, the Court does not find that the interests of justice require appointment of counsel at the present time.

**RECOMMENDATION**

For the foregoing reasons, the Court hereby RECOMMENDS that Respondents be

2

ORDERED to release Petitioner immediately and that Respondents be ENJOINED AND RESTRAINED from re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified. The Court further recommends that an exception be made to the injunction in the event an order of removal becomes final.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within ten (10) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. *Id*. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated: __**May 5, 2026**__ _____

UNITED STATES MAGISTRATE JUDGE

3